# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**VERSATECH, INC.,**

**Plaintiff,**

**v.**

**FLORIDA CARIBBEAN DISTILLERS, LLC.,**

**Defendant.**

**CASE NO. 19-1916 (GAG)**

## OPINION AND ORDER

Pending before the Court are Florida Caribbean Distillers, LLC. ("Defendant" or "FCD")'s motions to dismiss and to transfer venue regarding Versatech, Inc. ("Plaintiff" or "Versatech"). (Docket No. 14). Plaintiff opposed said motions. (Docket No. 17). With leave of Court, Defendant replied and Plaintiff sur-replied. (Docket Nos. 19, 22).

### I.    Background

Defendant argues that this action should be dismissed for lack of subject matter-jurisdiction because complete diversity does not exist between the parties. (Docket No. 14). FCD is a limited liability company ("LLC") created under the laws of the state of Florida and Defendant avers that Versatech is incorporated in both the Commonwealth of Puerto Rico and the state of Florida.[1] (Docket Nos. 14 at 8-9; 19 at 3-4). To support its

---

[1] Defendant also advances that one of FCD's members, Mr. Alberto De La Cruz, is domiciled in and a citizen of the Commonwealth of Puerto Rico. (Docket No. 14 at 9-10). Defendant supports this contention with an unsworn statement under penalty of perjury by Mr. De La Cruz. (Docket No. 19-1). This fact alone could defeat the complete diversity requirement. See Pramco, LLC ex rel. CFSC Consortium v. San Juan Bay

Civil No. 19-1916 (GAG)

contention, Defendant submits documentary evidence from the Florida State Department's Division of Corporations establishing that, when this action was filed, there existed a corporation with the same name, principal place of business, mailing address, and incorporator than that of Plaintiff. (Docket Nos. 14-1; 14-2). Notwithstanding, this Florida Corporation appears under an "inactive" status. (Docket No. 14-3). According to the Florida State Department's Division of Corporations, the aforementioned Florida Corporation was "administratively dissolved" on *September 22, 2017*. Id.

In response, Versatech acknowledges that this Florida Corporation is indeed the same corporation as Plaintiff to the extent that both entities have identical Internal Revenue Service's Employer Identification Numbers (EIN). (Docket No. 17 at 4). In Plaintiff's view, however, this fact, by itself, does not automatically make Versatech a resident of both Puerto Rico and Florida, which would thereby destroy complete diversity. Id. Versatech argues that it is solely incorporated in the Commonwealth of Puerto Rico because it has operated continuously under its laws since 2005 and Versatech's principal place of business as well as the residence of its officers and shareholders has always been the Commonwealth. Id. To support this assertion, Plaintiff submits: (1) a document from the Commonwealth State Department's Registry of Corporations and Entities that

---

Marina, Inc., 435 F.3d 51, 54-55 (1st Cir. 2006). However, Plaintiff opposes said argument by challenging the unsworn statement's sufficiency. (Docket No. 22 at 4-5). The Court will not entertain this issue and reads the Complaint drawing all reasonable inferences in Plaintiff's favor. See Valentín v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). Versatech pleaded, and this Court takes as true, that FCD is a Florida LLC. (Docket No. 1 at 2). However, even if, *arguendo*, the Court were to validate Mr. De La Cruz's unsworn statement, the end result would nonetheless be consistent with today's ruling.

Civil No. 19-1916 (GAG)

classifies Versatech as an "active" corporation and (2) an unsworn statement under penalty of perjury from the corporation's President validating said information. (Docket No. 17-1; 17-2).

Defendants replied, "[i]f Plaintiff's argument is that both are the same corporation then, for jurisdictional purposes, Plaintiff is domiciled both in Puerto Rico and Florida, which automatically defeats complete diversity with [FCD]." (Docket No. 19 at 2). Versatech disagrees and avers that the Florida Corporation is not considered "local" for purposes of Florida corporate state law. (Docket No. 22 at 2-3). Moreover, because said corporation was dissolved before the filing of this action in 2017, Versatech's previous incorporation should not factor in any "dual corporate citizenship" analysis. Id.

In light of these arguments, the Court had the parties brief the following issues:

If a corporation is incorporated in two U.S. jurisdictions and its corporate status has been classified as "defunct, dissolved or inactive" in one of them, does that corporation cease to be a "citizen" of the jurisdiction where its corporate status has changed for purposes of 28 U.S.C. § 1332(c)(1)? Under Florida state law, can a corporation's "life" be extended past dissolution, inactivity or defunction for purposes of prosecuting and defending suits, similar to Delaware state law? Is there any legal difference between a "defunct, dissolved or inactive" corporate status, under Florida state law? The parties need not address the legal analysis regarding "a corporation's principal place of business" nor the Supreme Court's decision in Hertz Corp. v. Friend, 559 U.S. 77 (2010), which are inapplicable to the present case.

(Docket No. 25). The parties complied with the Court's directive (Docket Nos. 28 and 29) and these filings are hereby **NOTED**.

Civil No. 19-1916 (GAG)

## II.    Standard of Review

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). The "party invoking the jurisdiction of a federal court carries the burden of proving its existence." P.R. Tel. Co. v. Telecomm's Reg. Bd. of P.R., 189 F.3d 1, 7 (1st Cir. 1999). When deciding whether subject-matter jurisdiction exists, the Court follows two general rubrics: (1) when a defendant challenges the legal sufficiency of the facts alleged, the court credits the plaintiffs' factual allegations and draws reasonable inferences in its favor and (2) when the defendant challenges the truth of facts alleged by the plaintiff and offers contrary evidence, the Court weighs the evidence. Valentín v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001); see also Martínez-González v. Catholic Schools of Archdioceses of San Juan Pension Plan, 235 F. Supp. 3d 334, 337 (D.P.R. 2017). The Court "is not restricted to the face of the pleadings but may consider *extra-pleading materials*, such as affidavits and testimony to resolve factual disputes concerning the existence of jurisdiction." Fernández Molinary, et als. v. Industrias La Famosa, Inc., et als., 203 F. Supp. 2d 111, 114-115 (D.P.R. 2002) (emphasis added); see also Marrero v. Costco Wholesale Corp., 52 F. Supp. 3d 437, 439 (D.P.R. 2014).

## III.    Discussion and Legal Analysis

Federal courts have subject-matter jurisdiction over cases in which the amount in controversy exceeds $75,000 and where the parties are "citizens of different States." 28 U.S.C. § 1332(a). Diversity must be complete: "the presence of but one nondiverse party

Civil No. 19-1916 (GAG)

divests the district court of original jurisdiction over the entire action." In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007); see also Aponte-Dávila v. Municipality of Caguas, 828 F.3d 40, 46 (1st Cir. 2016). For purposes of diversity, when the party is a "corporation," said legal entity "shall be deemed to be a citizen of *every* State and foreign state by which it *has been* incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332 (a)(c)(1) (emphasis added).

Recently, the federal District Court in Massachusetts held that the use of the word "every" in 28 U.S.C. § 1332 (a)(c)(1) "can be read to treat a corporation that is incorporated in more than one state as a citizen of each of those states." D.S. Brown Co. v. White-Schiavone, JV, Civil No. 19-30095 (NMG), 2020 WL 6363899 at *5 (D. Mass. 2020) (citations omitted); see also H.R. Rep. No. 112-10 § 102, at 10 (2011) (revising wording of paragraph 1332(c)(1) so that corporations shall be deemed citizens of "every state and foreign state by which it has been incorporated," instead of "any State"). The District Court explained that:

> The statute's use of the present perfect tense "has been" can be read to treat a corporation as a citizen of every state in which it has ever been incorporated. See Colon v. Ashby, 314 F. Supp. 3d 116, 121 (D.D.C. 2018). That could include states in which a company's corporate status has since been dissolved, especially when the applicable state law extends the life of a corporation past dissolution for the purpose of prosecuting and defending suits. See id.; Ripalda v. American Operations Corp, 977 F.2d 1464 (D.D.C. 1992) (finding that a Delaware corporation remained a domiciliary there for three years after dissolution because the applicable state law extends the life of Delaware corporations "for the purpose of prosecuting and defending suits" for three years (citing 8 Del. C. § 278)).

Civil No. 19-1916 (GAG)

D.S. Brown Co., 2020 WL 6363899 at *5. The Court agrees with the Massachusetts District Court's reading of the statute in D.S. Brown Co. and hereby adopts said ruling's reasoning. The Court will now turn its attention to Florida corporate state law.

The Florida Business Corporation Act (FBCA)[2] states that: "[a] corporation that has dissolved continues its corporate existence, but the dissolved corporation may not carry on any business except that appropriate to wind up and liquidate its business and affairs." FLA. STAT. § 607.1405 (2020). Furthermore, said statute provides a period of four years for a dissolved corporation to sue or be sued. Id. § 607.1407. This general dissolution provision applies to a "voluntary" dissolution regardless of whether it was done by its incorporators and directors or by the board of directors and the shareholders. Id. §§ 607.1401; 607.1402. Moreover, the FBCA contemplates an "administrative dissolution" and states that: "[t]he department may dissolve a corporation administratively if the corporation does not" (1) "[d]eliver its annual report . . . each year," (2) "[p]ay a fee or penalty due to the department under this chapter," and (3) "[a]ppoint and maintain a registered agent and registered office as required . . . ." Id. § 607.1420. In addition, Section 607.1420 states that: "[a] corporation that has been administratively dissolved continues in existence but may only carry on activities necessary to wind up its activities and affairs, liquidate and distribute

---

[2] The FBCA, which is largely modeled after the American Bar Association's Revised Model Business Corporation Act, was overhauled only once in 1989 and has been amended on multiple occasions (e.g. 1996, 2003, 2016, and 2019). However, the sections discussed in this analysis have, for the most part, remained unaltered.

Civil No. 19-1916 (GAG)

its assets, and notify claimants under [Sections] 607.1405, 607.1406, and 607.1407." FLA. STAT. § 607.1420 (5). In other words, a statutory interpretation of these provisions equates both "voluntary" and "administrative" dissolution processes, rights, and responsibilities.

Both parties in their briefs agree that Versatech's Florida corporate counterpart, which appears as "inactive" in the evidence submitted (Docket No. 14-3), can only be considered as an "administratively dissolved corporation" that failed to file its annual report. (Docket Nos. 28 at 5-6; 29 at 9). However, the parties disagree as to whether an "administratively dissolved corporation" under Florida state law is barred from legal prosecution. (Docket No. 28 at 6-7; 29 at 9-10).

Although there is no Florida Supreme Court jurisprudence on point, several courts within Florida's intermediate appellate system have thoroughly addressed the issue.[3] Plaintiff puts forward the argument that an "administratively dissolved" corporation cannot be sued. In support, Plaintiff cites one Florida state case in its entire brief: Vacation Break of Boca Raton, Inc. v. Breeden, 765 So. 2d 281 (Fla. 4th Dist. App. 2000). However, per the Court's research, it turns out that the Vacation Break of Boca Raton, Inc. decision was overruled[4] by Nat'l Judgment Recovery Agency, Inc. v. Harris, 826 So. 2d 1034 (Fla.

---

[3] In explaining Florida's judicial system structure, the Florida Courts' website explains that: "As a general rule, decisions of the district courts of appeal represent the final appellate review of litigated cases. A person who is displeased with a district court's express decision may ask for review in the Florida Supreme Court and then in the United States Supreme Court, but neither tribunal is required to accept the case for further review. Most are denied." District Courts of Appeal, FLORIDA COURTS, https://www.flcourts.org/Florida-Courts/District-Courts-of-Appeal (last visited on December 30, 2020).

[4] The Florida District Court of Appeal for the Fourth Circuit used the following language: "We now recognize that the distinction made in Vacation Break, between an administratively dissolved corporation

Civil No. 19-1916 (GAG)

2d Dist. Ct. App. 2002), which was briefly discussed in Defendant's memorandum. In Nat'l Judgment Recovery Agency, Inc., the Florida District Court of Appeal for the Fourth Circuit concluded that, under the 1999 FBCA, an "administrative dissolution" does not prevent commencement of a proceeding by or against the corporation in its corporate name." Id. at 1035. This ruling sought to harmonize previous rulings among Florida's District Courts of Appeal for the First, Second, and Fifth Circuits. See Ron's Quality Towing, Inc. v. S.E. Bank of Fla., 765 So. 2d 134 (Fla. 1st Dist. App. 2000); Levine v. Levine, 734 So. 2d 1191 (Fla. 2d Dist. App. 1999); Cygnet Homes, Inc. v. Kaleny Ltd. of Fla., Inc., 681 So. 2d 826 (Fla. 5th Dist. App. 1996).

On the other hand, Defendant discusses the more recent decision from the Florida District Court of Appeal for the Second Circuit: Hock v. Triad Guar. Ins. Corp., 292 So. 3d 37 (Fla. 2d Dist. App. 2020). In Hock, the Florida District Court of Appeal for the Second Circuit ruled that under the 2016 FBCA:

> [A] corporation that has not filed its annual report and paid the required fees by May 1 may be administratively dissolved if the failure is not corrected by the third Friday in September of that year. In this interim, section 607.1622(8) precludes the corporation from maintaining or defending an action in court, but the corporation may continue doing business. If the corporation does not rectify the failure by the end of this period, however, it may be administratively dissolved. As an administratively dissolved corporation, it no longer may carry on any business "except that necessary to wind up and liquidate its business and affairs under [sections] 607.1405." § 607.1421(3).

---

and a voluntarily dissolved corporation, is inconsistent with the statutes. We therefore *recede* from Vacation Break and follow Cygnet." Natl. Judm. Recovery Agency, Inc., 826 So. 2d at 1035 (emphasis added). According to Black's Law Dictionary, "to recede" means "to withdraw from." *Recede*, Black's Law Dictionary (11th ed. 2019).

Civil No. 19-1916 (GAG)

> As previously mentioned, under section 607.1405 a dissolved corporation may collect its assets and do "every other act necessary to wind up and liquidate its business and affairs." Moreover, that statute expressly provides that dissolution does not "[p]revent commencement of a proceeding by or against the corporation in its corporate name. [FLA. STAT. § 607.1405(2)(e) (2016)]."

Hock, 292 So. 3d at 41 (emphasis in original) (citations omitted).[5]

According to the Defendant's uncontested submission, Plaintiff's Florida corporate counterpart last filed its annual reports in 2016. (Docket No. 14-3). Thus, under Florida state law, FLA. STAT. § 607.1420, the corporation Versatech has been administratively dissolved since *September 22, 2017,* and does not fall within the "interim" period explained in Hock, 292 So. 3d at 41.

The present action was filed on *September 23, 2019* (Docket No. 1), which is well within the four-year statute of limitation period to be sued. FLA. STAT. § 607.1407 (2020). Versatech's corporate life—although administratively dissolved for *two years* under Florida corporate state law—continues for purposes of defending suits in its corporate name. FLA. STAT. §§ 607.1420(5); 607.1405(2)(e); see also Hock, 292 So. 3d at 41. Versatech continues to be incorporated in the Commonwealth of Puerto Rico as per Plaintiff's own submission (Docket Nos. 17-1; 17-2) and *has been* incorporated in the state of Florida during the past four years (Docket Nos. 14-1; 14-2; 14-3), while Defendant FCD is only a citizen of

---

[5] It is important to note that sections 607.1405(2)(e) in the 2016 and 2020 FBCA are identical. Compare FLA. STAT. § 607.1405(2)(e) (2016) with FLA. STAT. § 607.1405(2)(e) (2020). The 2016 FBCA was the applicable statute when Versatech was "administratively dissolved" in 2017.

**Civil No. 19-1916 (GAG)**

Florida. (Docket No. 1 at 2). Therefore, the shared citizenship of Florida prevents the parties from being completely diverse so that the Court can have subject-matter jurisdiction to hear this action through diversity jurisdiction. See 28 U.S.C. § 1332 (a)(c)(1); Aponte-Dávila, 828 F.3d at 46; D.S. Brown Co., 2020 WL 6363899 at *5.

## IV.    Conclusion

Consequently, Defendant's Motion to Dismiss for lack of subject-matter jurisdiction under FED. R. CIV. P. 12(b)(1) is **GRANTED** and the Motion to Transfer Venue is **MOOT** at Docket No. 14. Plaintiff's claims against Defendant are dismissed **without prejudice** and judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico this 30th day of December, 2020.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge
